IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:17cr139-2 |
| Plaintiff, | : | Judge Dlott |
| Vs. | : | |
| JASON FLETCHER | : | ADDITIONAL SENTENCING MEMORANDUM |
| Defendant. | : | |

The Defendant, by and through his attorney, for an additional Sentencing Memorandum, in response to the Government's Sentencing Memorandum and to the Court's determination of Mandatory Minimum Sentences states as follows:

        I.     Mr. Fletcher's prior criminal history

The Indictment charges Mr. Fletcher with two violations of 18 USC § 2251 (a) and in the Indictment, these charges are referenced a "Conspiracy to Produce Child Pornography;" however, a reading of that statute shows that it is officially called "Sexual Exploitation of Children." It is found in chapter titled, "Sexual Exploitation and Other Abuse of Children."

The penalty enhancement found at 18 USC § 2251 (e) states that the mandatory minimum sentence is 25 years if there is one prior conviction for:

> …under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of Title 10… or under the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography…

In this case, Mr. Fletcher has no prior federal offenses, so the only enhancement would be as a result of a prior state law conviction.

The penalty enhancement requiring a mandatory minimum sentence of 35 years requires two or more prior convictions for:

> … under this chapter, or chapter 117, or under section 920 of Title 10… or under the laws of any state relating to the sexual exploitation of children…

Contrary to the argument of the Government, this enhancement is designed to be more limiting in scope. The references to "section 1591, chapter 71, chapter 109A" are not found in this subsequent enhancement. And it is inescapable to notice that this statute is titled "Sexual Exploitation of Children," which seems to be the obvious definition of these words when used in the context of "under the laws of any state relating to the sexual exploitation of children."

The Government relies on United States v. McGarity, 669 F.3d 1218 (11th Cir. 2012) in its argument that the penalty should be enhanced due to prior a conviction of the Defendant. In McGarity, one of the Defendants, Freeman, attacked the enhancement of his sentence which was predicated on a prior conviction under Georgia Law for "enticing a child for indecent purposes." 669 F.3d at 1261 to 1262. Apparently Freemen had been convicted under 18 USC § 2251 and 2252A. The Court noted that the enhancement for § 2251 (e) required a prior conviction of aggravated sexual abuse, sexual abuse or abuse of sexual contact involving a minor (emphasis added). However, the sentence under 2252A could be enhanced for a prior conviction "under the laws of any state related to aggravated sexual abuse, sexual abuse or abuse of sexual conduct involving a minor" (emphasis added). The Court noted that a violation of the Georgia law occurred when "a person ...solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." The enhancement was allowed because the statute prohibited certain conduct. But Mr. Fletcher is not charged with a violation of 18 USC §2252A.

The Court has also relied on the case of United State v. Mills, 850 F.3d 693 (4th Cir.). However in Mills it should be noted that the Defendant did not object to the enhanced sentence and the Court was making a "plain error" analysis. In this brief decision, the Mills Court seems to ignore the categorical approach, and instead of comparing the prior state crime to categorized crime, it compared the state crime to a modified dictionary definition. More importantly, in Mills the prior conviction was of a North Carolina statute which prohibited "taking indecent liberties with children" and one of the elements was that a person "willfully took or attempted to take an indecent liberty with the victim" and that" the victim was under 16 years of age at the time of the alleged act or attempted act occurred. . ." Thus, the North Carolina law required some action of the Defendant.

Mr. Fletcher's prior conviction was Importuning, RC 2907.07(b), the elements of which are:

2

      1. solicit another person, not the spouse of the offender
      2. to engage in sexual conduct with the offender
      3. when the offender is 18 or older and 4 or more years older than the person, and the other person is 13 years or older but less than 16 years old
      4. whether or not the offender knows the age of such person.
Importuning is purely a crime of speech. No conduct, and no contact, is required.

In United States v. Mateen, 806 F.3d 857 (6th Cir., 2015), the Court interpreted "enhancing" language in 18 USC § 2252. The Court held that the "enhancing" language ",,,under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward,,," did not refer to a list of specific state laws, but rather was language which should be interpreted in its ordinary and common meaning. Through a series of "logic" steps, the Court determined that the ordinary and common meaning and usage of this language "connotes the use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification." The Court went on to analyze Mr. Mateen's prior conviction of Gross Sexual Imposition, R.C. 2907.05, and determined that the contact required to commit that offense was sufficient to meet the enhancement requirements of the federal statutes (emphasis added.)

It would seem logical that, when the words "relating to the sexual exploitation of children" were added to the enhancing provisions of 18 USC § 2251(e), the intent was to find words to mimic the prohibitions in §2251, i.e. production of child pornography. However, even if this language means something other than a direct reference to production of child pornography, it does not change the existing definitions used by the 6th Circuit. In short, that is a requirement that there be actual conduct, actual abuse, of a minor. Mere words, alone, would not comply with such a definition.

II.     The interpretation urged by the Government would violate the constitutional "void for vagueness" doctrine.

A recent application of the void for vagueness doctrine rose in the area of the Armed Career Criminal statute 18 USC § 924 (e), and the enhanced penalty for prior "crime of violence" which was defined in the "residuary clause" as a prior felony which involves "conduct that presents a serious potential risk of physical injury to another." Johnson v. United States, 576 US___ (2015). The Supreme Court held that application of this law led to uncertainty of how to estimate the risk posed by a crime and uncertainty about how much risk it would take for a crime to qualify as violent felony.

3

The Government urges that any prior violation of the state law would count as an enhancing violation, if that law had the words "sex" and "child" or "minor," or some other synonym. Such and analysis would lead to uncertainty regarding which violations are includable in the enhancement provision, and would lead to inconsistent applications of these enhancements.

In addition to being an argument which encourages vagueness and inconsistent application, the Government's argument is not rational. In essence, the argument is that a personal can have a sentence enhanced to a mandatory minimum of 25 years if they have a specific prior violation of a specific abuse statute (physical engagement), but another person could have a sentence enhanced to a 35 year minimum if there were 2 or more non-abuse violations (no physical engagement). If this were an assault statute, it would be similar to having a first enhancement for a prior felonious assault conviction, but a much higher enhancement for 2 prior misdemeanor menacing convictions.

III.     The application of 18 USC § 3559 (e) is appropriate

The 6th Circuit in the case United States v. Moore, 567 F.3d 187 (2009) held that § 3559 (e)(2)(C) would not take precedents over the sentence enhancements found at 18 USC § 2251(e). It said nothing about the definitions found in § 3559, and the application of the definition of a "prior sex conviction" found at § 3559(e)(2)(C).

That definition is consistent with the common meaning and usage of the term, "prior conviction." A similar definition is found in the Sentencing Guidelines, § 4B.2 regarding Career Offenders. Paragraph (c) defines "two prior felony convictions" as,"…the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions…"

When Mr. Fletcher was arrested, in May of 2017, he had a phone and on this phone there were videos and there were pictures which he was not supposed to have. His 17 count Indictment from Warren County, Ohio, references the date of the 18th day of May, 2017 in each and every count. His Indictment in this matter references a date of February 2017. A categorical analysis would clearly show that the conduct alleged by the Government occurred prior to the conduct alleged by the State.

More importantly the Federal Government had all of the information which they needed to bring a charge against Mr. Fletcher on May 18, 2017. They waited until after he entered a guilty plea in the state Court before even bringing an indictment in the Federal Court. That is

4

fundamentally unfair and violates all motions of fair play indecency. While the Federal Government has the right to bring charges against this Defendant, and those charges can overlap the State Court charges, it is fundamentally unfair to count his plea in November as a "prior" conviction for a sentencing enhancement.

IV. Other statements in the Government's Sentencing Memorandum

The Government argues on page 3 that Mr. Fletcher entered a plea to the Warren Co. Indictment on May 18, 2017; actually, he was arrested that date, and he entered his plea and was sentenced in November, 2017. Also on that page, the Government explains that HIS tracked down the co-defendant, Ciera Richter, in November of 2017, but fail to mention that the Government's knowledge of the identity of this defendant was due to the cooperation of Mr. Fletcher.

At page 10, the Government refers to Mr. Fletcher as a "serial predator" and in the next several pages reference a series of allegations and unproven accusations. While the term "sexual predator" is subject to various interpretations, it would be more accurate to refer to Mr. Fletcher as a serial voyeur. He is a person who had a most difficult childhood, and who most likely was the victim of sexual and physical abuse. He is a person who has a family, and who is a hard worker. He was able to modify his anger issues which troubled him in his youth. He has the ability to learn and modify his behavior, and he certainly is not the worst of the offenders which this Court has seen.

Respectfully submitted,

/s/ Ty L. Foster
Ty L. Foster        (0043316)
Attorney for Defendant
30 Garfield Place, Suite 600
Cincinnati, OH 45202
Telephone: (513) 421-4855
Fax:   (513) 684-9701

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ty L. Foster
Ty L. Foster     (0043316)
Attorney for Defendant

TLF/Fletcher, Jason/Additional Sentencing Memo